UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ROBERT VALENTIN, | ) |
| Plaintiff, | ) Case No. 6:15-cv-1070-Orl-22KRS |
| v. | ) COMPLAINT |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., | ) JURY DEMAND |
| Defendant. | ) |

Now comes the Plaintiff, ROBERT VALENTIN, by and through his attorneys, and for his Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., Plaintiff alleges and state as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to any pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Kissimmee, Florida.

5. On information and belief, Defendant is a limited liability company of the State of Virginia, which is licensed to do business in Florida, and which has its principal place of business in Norfolk, Virginia.

## FACTS COMMON TO ALL COUNTS

6. On December 5, 2013, Plaintiff's wife, Ana M. Valentin ("Mrs. Valentin") filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Middle District of Florida, Case No. 6:13-bk-14775-KSJ. On October 30, 2014, Mrs. Valentin's bankruptcy case was converted to a Chapter 7 bankruptcy case. On February 2, 2015, an Order of Discharge was entered in Mrs. Valentin's bankruptcy case.

7. Mrs. Valentin was the primary holder of a GE Capital Retail Bank Loews Credit Card (the "credit card account"). Plaintiff was an authorized user on the credit card account. Plaintiff never cosigned for the credit card account, nor was he a joint account holder on the credit card account.

8. Mrs. Valentin scheduled said the credit card account on Schedule F of her bankruptcy petition.

9. Because Defendant was also listed as a creditor in Plaintiff's bankruptcy petition, Defendant received electronic notice of the Bankruptcy Court's discharge order through the Bankruptcy Noticing Center's EDI system, which was the method selected by Defendant for bankruptcy notice purposes.

10. On or about March 11, 2015, Defendant placed a telephone call to Plaintiff in an attempt to collect the alleged debt.

11. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant with whom he spoke that he was only an authorized user on the credit card account and that he never cosigned for the credit card account. Said individual responded to Plaintiff by stating that it did not matter that he was only an authorized user on the credit card account and that he was still responsible for the alleged debt.

12. On or about March 26, 2015, Defendant placed another telephone call to Plaintiff in another attempt to collect the allege debt.

13. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant with whom he spoke that he was only an authorized user on the credit card account, and that he never cosigned for the credit card account. Said individual responded to Plaintiff by stating that it did not matter that he was only an authorized user on the credit card account and that he was still responsible for the alleged debt.

14. During or about early April of 2015, Defendant placed another telephone call to Plaintiff in another attempt to collect the allege debt.

15. During said communication, an employee, agent and/or representative of Defendant stated to Plaintiff that Defendant would file a lawsuit against Plaintiff to collect the alleged debt. To date, to the best of Plaintiff's knowledge, no lawsuit has been filed against him in relation to the alleged debt.

16. On or about May 3, 2015, Defendant placed another telephone call to Plaintiff in another attempt to collect the alleged debt.

17. During said communication, an employee, agent and/or representative of Defendant asked Plaintiff to sign documentation so that Defendant could investigate the matter, as Defendant might have made an error in relation to the alleged debt.

18. On or about June 3, 2015, Defendant placed another telephone call to Plaintiff in an attempt to collect the alleged debt.

19. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant with whom he spoke with, that he was represented by a law firm with respect to the alleged debt, and provided her attorneys' contact information.

20. Despite having received notice of Plaintiff's attorneys' representation, on or about June 3, 2015, Defendant placed another telephone call to Plaintiff in another attempt to collect the alleged debt.

21. Defendant is also reporting to the credit reporting bureaus that the credit card account is an obligation of Plaintiff and that it is "in collections," in another attempt to collect the alleged debt.

22. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

23. Plaintiff incorporates the allegations and statements made in paragraphs 1 through 22 above as if reiterated herein.

24. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

25. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it uses an instrumentality of interstate commerce and/or the mails in

a business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. When dealing with Plaintiff, Defendant used interstate telephone calls to communicate with Plaintiff in attempts to collect an alleged debt.

26. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which were the subject of the transaction were primarily for personal, family and/or household purposes.

27. In placing a telephone call to Plaintiff after he provided notice to Defendant that he was represented by attorney with respect to the alleged debt, and then by subsequently placing a telephone call to Plaintiff in an attempt to collect the alleged debt, as described above, Defendant violated the FDCPA, specifically 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

## COUNT II

28. Plaintiff incorporates the allegations and statements made in paragraphs 1 through 22 and 24 through 26 above as if reiterated herein.

29. In placing a large volume of telephone calls to Plaintiff after he provided notice to Defendant that he was only an authorized user on the credit card account, and by stating to Plaintiff that he was liable for the alleged debt, and by stating to Plaintiff that Defendant would file a lawsuit against Plaintiff in an attempt to collect the alleged debt, as described above, Defendant violated the FDCPA, specifically 15 U.S.C. § 1692d, by engaging in conduct the

natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

30. Plaintiff incorporates the allegations and statements made in paragraphs 1 through 22 and 24 through 26 above as if reiterated herein.

31. In placing a large volume of telephone calls to Plaintiff after he provided notice to Defendant that he was only an authorized user on the credit card account, and by stating to Plaintiff that he was liable for the alleged debt, and by stating to Plaintiff that Defendant would file a lawsuit against Plaintiff in an attempt to collect the alleged debt, as described above, Defendant violated the FDCPA, specifically § 1692e, by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT IV

32. Plaintiff incorporates the allegations and statements made in paragraphs 1 through 22 and 24 through 26 above as if reiterated herein.

33. In placing a large volume of telephone calls to Plaintiff after he provided notice to Defendant that he was only an authorized user on the credit card account, and by stating to Plaintiff that he was liable for the alleged debt, and by stating to Plaintiff that Defendant would file a lawsuit against Plaintiff in an attempt to collect the alleged debt, as described above, Defendant violated the FDCPA, specifically § 1692e(5) by threatening to take action that could not legally be taken and/or that was not intended to be taken.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

34. Plaintiff incorporates the allegations and statements made in paragraphs 1 through 22 and 24 through 26 above as if reiterated herein.

35. In placing a large volume of telephone calls to Plaintiff after he provided notice to Defendant that he was only an authorized user on the credit card account, and by stating to Plaintiff that he was liable for the alleged debt, and by stating to Plaintiff that Defendant would file a lawsuit against Plaintiff in an attempt to collect the alleged debt, as described above, Defendant violated the FDCPA, specifically § 1692e(10), by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiffs pray for the following relief:

  a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

36. Plaintiff incorporates the allegations and statements made in paragraphs 1 through 22 and 24 through 26 above as if reiterated herein.

37. In placing a large volume of telephone calls to Plaintiff after he provided notice to Defendant that he was only an authorized user on the credit card account, and by stating to Plaintiff that he was liable for the alleged debt, and by stating to Plaintiff that Defendant would file a lawsuit against Plaintiff in an attempt to collect the alleged debt, as described above, Defendant violated the FDCPA, specifically 15 U.S.C. § 1692f, by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

    a.    Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

38. Plaintiff incorporates the allegations and statements made in paragraphs 1 through 22 and 24 through 26 above as if reiterated herein..

39. In placing a large volume of telephone calls to Plaintiff after he provided notice to Defendant that he was only an authorized user on the credit card account, and by stating to Plaintiff that he was liable for the alleged debt, and by stating to Plaintiff that Defendant would file a lawsuit against Plaintiff in an attempt to collect the alleged debt, as described above, Defendant violated the FDCPA, specifically § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or where such amount was not permitted by law.

WHEREFORE, Plaintiffs pray for the following relief:

a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VIII

40. Plaintiff incorporates the allegations and statements made in paragraphs 1 through 22 and 24 through 26 above as if reiterated herein.

41. Plaintiff is a "debtor" and/or "consumer" as defined in Fla. Stat. § 559.55(8), as he is a natural person whom Defendant claimed was allegedly obligated to pay a consumer debt.

42. At all relevant times, Defendant acted as a "debt collector" within the meaning of Fla. Stat. § 559.55(7), in that it uses an instrumentality of interstate commerce and/or the mails in a business the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. When dealing with Plaintiff, Defendant used interstate telephone calls to communicate with Plaintiff in attempts to collect an alleged debt on behalf of a third-party creditor.

43. The aforementioned alleged debt is a "debt" and/or "consumer debt" as defined in Fla. Stat. § 559.55(6), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

44. In placing a large volume of telephone calls to Plaintiff after he provided notice to Defendant that he was only an authorized user on the credit card account, and by stating to Plaintiff that he was liable for the alleged debt, and by stating to Plaintiff that Defendant would file a law4suit against Plaintiff in an attempt to collect the alleged debt, as described above, Defendant violated the FCCPA, specifically Fla. Stat. § 559.72(9), by claiming, attempting or threating to enforce a debt when Defendant knows that the alleged debt is not legitimate, or asserting the existence of some other legal right when Defendant knows that the right does not exists.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

c. Judgment against Defendant for punitive damages in an amount to be determined for Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

d. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to Fla. Stat. § 559.77(2); and

e. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

ROBERT VALENTIN

By: _____
Attorney for Plaintiff
Eric L. Bolves
Florida Attorney No. 362018
Upright Law, LLP
2110 E. Robinson Street
Orlando, FL 32803
Phone: (407) 894-1002
Fax: (844) 402-1128
eric@thelegalcenter.com